IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DARRELL W. BUMPAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 3:08-0977 |
| ) | JUDGE TRAUGER/KNOWLES |
| DAVIDSON COUNTY SHERIFF'S ) | |
| OFFICE, ET AL., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon the pro se Plaintiff's "Request Motion for Leave to File Amended Complaint in Above Case And Number." Docket No. 20. With the Motion, Plaintiff has submitted a three-page, handwritten document that is headed "United States Court of Appeals for the Sixth Circuit." Docket No. 20-1. The document is styled "Darrell W. Bumpas, Plaintiff v. CCA - Metro Davidson County Detention Facility, et al, Defendants." The "Case No." is listed as "08-6288," while the "Orig. No." is listed as 08-00888. *Id.* The title of that document is "Addition to above case and No. #."[1]

Plaintiff filed his Complaint in the instant action on August 11, 2008, listing as Defendants "Davidson County Sheriff's Office, et al." Docket No. 1. In the body of the

---

[1] The Court notes that Plaintiff has a case pending in the Sixth Circuit styled *Darrell W. Bumpas v. CCA Metro Davidson County Detention Facility*, Case No. 08-6286. That case involves an appeal from an Order of Judge Haynes dismissing Plaintiff's Complaint in Case No. 3:08-00888. It is unclear why Plaintiff wishes to file this document in the case at bar, or what, if anything, this document has to do with the case at bar.

Complaint, Plaintiff alleged that he had been arrested on March 9, 2008, after being beaten up and badly assaulted by Metro Police Officers Matthew Anthony Nixon and "Officer Atwood." *Id.,* p. 3. He further claimed that he had been harassed and verbally assaulted by several correctional officers, that his injuries went untreated, that his medicines were taken away by employees of the Davidson County Sheriff's Office, that he did not receive adequate treatment from "the hospital" or the Davidson County Sheriff's Office, and that he was denied access to Court.

Judge Trauger subsequently entered an Order and a Corrected Memorandum on October 21, 2008. Docket Nos. 16, 17. Judge Trauger held that Plaintiff's claims against Officers Anthony Nixon and "Officer Atwood" were not facially frivolous, and she instructed the Clerk to send Plaintiff a service packet for those Defendants. Judge Trauger also dismissed Plaintiff's Complaint against the remaining Defendants (the Davidson County Sheriff's Office, unnamed and unidentified corrections officers, and the unnamed and unidentified hospital), for failure to state a claim upon which relief could be granted. Docket Nos. 16, 17. In that same Order, Judge Trauger referred this action to the undersigned, as follows:

> This action is REFERRED pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) to the Magistrate Judge for the management of the case against Officers Nixon and Atwood, for decisions on all pre-trial, non-dispositive motions, to issue reports and recommendations on all dispositive motions, and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court. The Magistrate Judge is further directed to consider, where appropriate, whether the court should certify any appeal of a Report and Recommendation, if adopted by the court, as being in good faith under 28 U.S.C. § 1915(a).

Docket No. 17, p. 2.

On November 11, 2008, Plaintiff submitted a two-page document headed "Plaintiff asks

the honorable court to reconsider judgment/order made/filed on 10/21/08.  And permission to amend complaint."  Docket No. 18.  Plaintiff apparently sought to have his claims against the Davidson County Sheriff's Office reinstated.

On November 14, 2008, Judge Trauger entered an Order denying Plaintiff's Motion to reconsider and amend.  Docket No. 19.  Judge Trauger stated that the Court had previously noted, in its Corrected Memorandum, that it had no discretion to permit a plaintiff, whose Complaint is subject to the Prison Litigation Reform Act, to amend his Complaint in order to avoid a sua sponte dismissal.  *Id., citing* Docket No. 16, p. 2.

More than a month later, on December 16, 2008, Plaintiff filed the instant Motion to Amend his Complaint.  Docket No. 20.

As Judge Trauger has previously held, the Court has no discretion to permit Plaintiff to amend his Complaint in order to avoid a sua sponte dismissal.  Additionally, as discussed above, the "Amended Complaint" that Plaintiff apparently seeks to file appears to be totally unrelated to the case at bar.  Therefore, the undersigned recommends that Plaintiff's "Request Motion for Leave to File Amended Complaint in Above Case And Number" (Docket No. 20) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have ten (10) days after service of any objections filed to this Report in which to file any response to said objections.  Failure to file specific objections within ten (10) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S.

3

1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge

4