IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DARRELL W. BUMPAS,            )
                              )
        Plaintiff,            )
                              )   Civil Action No. 3:08-0977
v.                            )   Judge Trauger / Knowles
                              )
MATTHEW NIXON and             )
DOUG ATWOOD,                  )
                              )
        Defendants.           )

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon a Motion for Judgment on the Pleadings filed by Defendants Matthew Nixon and Doug Atwood. Docket Entry No. 46. Defendant has contemporaneously filed a Memorandum of Law and supporting Exhibits. Docket Entry Nos. 46-1, 47, and 47-1.

Plaintiff has not responded to Defendants' Motion.

Plaintiff, proceeding *pro se*, filed his Complaint on August 11, 2008. Docket Entry No. 1. Plaintiff sues Metro Police Officers Nixon and Atwood, alleging that they used excessive force when arresting him on March 09, 2007.[1] *Id.* Plaintiff seeks monetary damages and "any

---

[1] Plaintiff originally also sued the Davidson County Sheriff's Office. *See* Docket Entry No. 1. The Davidson County Sheriff's Office was terminated as a Defendant in this action on October, 21, 2008 and is therefore not a party to this action. Additionally, although Plaintiff's Complaint avers that he was arrested on "3/09/08," the year of his arrest appears to actually have been 2007, as Plaintiff's Complaint also avers that he was released from custody on August 9, 2007, and the Officers' Affidavits (Docket Entry No. 46-1) report the date of Plaintiff's arrest as

1

and all relief deemed reasonable." *Id.*

Defendants Nixon and Atwood filed the instant Motion for Judgment on the Pleadings, Supporting Memorandum of Law, and Exhibits on March 3, 2009, arguing that this action must be dismissed against them because it was not timely filed and because they are qualifiedly immune from suit. Docket Entry Nos. 46, 46-1, 47, and 47-1.

Plaintiff's sole allegations against Defendants Nixon and Atwood are that they used excessive force when arresting him on March 9, 2007. Plaintiff did not file this action against them, however, until August 11, 2008, almost a year and a half after Defendants Nixon and Atwood allegedly violated his rights.

Federal courts apply state law to determine the statute of limitations applicable to claims brought pursuant to federal civil rights statutes. *See, e.g., Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Tennessee law provides for a one-year statute of limitations for civil actions brought under the federal civil rights statutes. T.C.A. § 28-3-104(a)(3); *Roberson*, 399 F.3d at 794. Generally, in § 1983 actions, "the statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Sevier*, 742 F.2d at 273.

Because Plaintiff's allegations against Defendants Nixon and Atwood pertain to a single incident, *i.e.*, his arrest on March 9, 2007, he had one year from that date to file his lawsuit against them. Plaintiff failed to do so. Accordingly, his claims against Defendants Nixon and Atwood are time-barred.

For the foregoing reasons, the undersigned recommends that Defendants' Motion for

---

"03/09/07."

Judgment on the Pleadings be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge