UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
MIDDLE DIVISION

| | |
|---|---|
| DARRELL W. BUMPAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:08-0977 |
| ) | Judge Trauger |
| MATTHEW NIXON AND DOUG ) | |
| ATWOOD, ) | |
| ) | |
| Defendants. ) | |

## O R D E R

### I. MATTERS BEFORE THE COURT

The following matters are pending before the court: 1) the April 27, 2009 Report and Recommendation (R&R) (Docket Entry No. 54) in which the Magistrate Judge recommended that the court grant the motion for judgment on the pleadings filed by Officers Nixon and Atwood (Docket Entry No. 46); 2) the August 20, 2009 R&R (Docket Entry No. 78) in which the Magistrate Judge recommended that the plaintiff's February 13, 2009 motion to amend (Docket Entry No. 43) be denied; 3) the plaintiff's fourth motion to amend (Docket Entry No. 75); and 4) the plaintiff's recent motions for an extension of time (Docket Entry Nos. 82-84).

### A. The Magistrate Judge's April 27, 2009 R&R
### (Docket Entry No. 54)

On April 27, 2009, the Magistrate Judge recommended that the motion for judgment on the pleadings filed by Officers Nixon and Atwood (Docket Entry No. 46) be granted, because the complaint was filed beyond the one-year statute of limitations. (Docket Entry No. 54) On July 31, 2009, the court accepted the R&R, adopted the Magistrate Judge's conclusions and recommendations as the findings of fact and conclusions of law of the court, and dismissed the case with prejudice. (Docket Entry No. 68)

On August 7, 2009, the court received the plaintiff's objections to the Magistrate Judge's April 27, 2009 R&R. (Docket Entry No. 74) The court subsequently vacated its order and judgment, because the plaintiff's objections were timely under an earlier order entered by the court. (Docket Entry No. 76) The court has reconsidered the R&R (Docket Entry No. 54) in view of the plaintiff's objections (Docket Entry No. 74).

The envelope in which the plaintiff mailed his original complaint to the district court is postmarked August 7, 2008. (Docket Entry No. 1, Attach. Env.) This is the date that the plaintiff is deemed to have brought this action for statute of limitations purposes. *See Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002). Although the plaintiff alleges in his complaint that the events that gave rise to this action occurred on March 9, 2008 (Docket Entry No. 1, ¶ IV, p. 3), the affidavits of Officers Nixon and Atwood connected with Davidson County Complaint No. 2007-098288 establish that the events about which the plaintiff complains actually occurred on March 9, 2007 (Docket Entry No. 45, Ex. E). Indeed, in his objections to the R&R in question, the plaintiff himself asserts that the incident that gave rise to this action occurred on March 9, 2007. (Docket Entry No. 74, p. 5)

Given that the alleged events that resulted in this lawsuit occurred on March 9, 2007, the plaintiff had until March 8, 2008 to file his complaint. Since March 8, 2008 fell on a Saturday, the plaintiff actually had until the following Monday – March, 10, 2008 – to file his complaint. From the record, it is clear that the plaintiff filed his initial complaint in this action nearly five (5) months beyond the one-year statute of limitations.

Although the statute of limitations may be tolled for equitable reasons, *see Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988), the plaintiff has provided no valid argument that would warrant

2

tolling the statute of limitations for equitable reasons, or otherwise.[1] Accordingly, the court finds that equitable tolling is not warranted, and that this action is time-barred. Indeed, had the plaintiff provided the correct date in his original complaint, the complaint would have been dismissed *sua sponte* as frivolous when the court conducted its initial review. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

For the reasons explained above, the Magistrate Judge's April 27, 2009 R&R (Docket Entry No. 54) is – once again – **ACCEPTED**, and **ADOPTED** as the findings of fact and conclusions of law of the court.

### B. The Magistrate Judge's August 20, 2009 R&R
### (Docket Entry No. 78)
### and
### the Plaintiff's Motion for an Extension of
### Time to Respond to the R&R
### (Docket Entry No. 83)

In his August 20, 2009 R&R, the Magistrate Judge recommend that the plaintiff's February 13, 2009 motion to amend (Docket Entry No. 43) be denied. (Docket Entry No. 78) The plaintiff has filed a timely motion for an extension of time to file objections. (Docket Entry No. 83)

In his R&R, the Magistrate Judge notes correctly that the plaintiff seeks to amend the complaint to add the following defendants: 1) the Davidson County Sheriff's Office (DCSO); 2) the

---

[1] The plaintiff asserts that he was unable to file his complaint within the statute of limitations, because of the conditions of his confinement, in particular the alleged non-availability of specific legal reference materials. (Docket Entry No. 54, pp. 3-5) Numerous prisoners in the custody of the Davidson County Sheriff's Office have successfully filed complaints in the district court under the circumstances that the plaintiff describes. Those prisoners simply requested a form-complaint and application to proceed *in forma pauperis* (IFP) from the district court. The district court's practice is to mail the form-complaint and application to proceed IFP to the prisoner the same day that the request for documents is received. After filling in the blanks, which does not require access to any legal reference materials, those other prisoners then filed those documents, thereby bringing an action in the district court. The plaintiff has made no effort to explain why he was unable to file a fill-in-the-blank complaint and IFP application in the year – 12 months – that followed the alleged events that gave rise to this action, nor can any reasonable explanation be liberally construed from Docket Entry No. 74.

3

Metropolitan Government of Nashville and Davidson County (Metro); 3) Correct Care Solutions (Correct Care); and 4) the Metropolitan Nashville General Hospital at Meherry (Meharry). (Docket Entry No. 78, p. 2) The Magistrate Judge recommended that the motion to amend be denied, because the plaintiff failed to state a claim against DCSO, Correct Care, and Metro, and because the claims were time-barred against each of these defendants.[2]

For the reasons explained, *supra* at pp. 2-3, the Magistrate Judge's conclusion that the claims were time-barred is correct and, as such, constitutes grounds for dismissal at this juncture. (Docket Entry No. 43, pp. 13-21, 30) The Magistrate Judge's failure-to-state-a-claim analysis is examined/expanded below for the sake of completeness.

### 1. Davidson County Sheriff's Office

The Magistrate Judge notes in his analysis that the district court previously dismissed DCSO from this action, because the plaintiff failed to state a claim on which relief may be granted. (Docket Entry No. 78, p. 8) A review of the record shows that the court dismissed DCSO for failure to state a claim, because DCSO was not a "person" within the meaning of § 1983 and, as such, not amenable to suit under § 1983. (Docket Entry No. 16, pp. 2-3) The Magistrate Judge's conclusion, and the court's prior decision, represent a correct statement/application of the law.

### 2. Metropolitan Government of Nashville and Davidson County

Referring to the court's reasoning in its corrected memorandum (Docket Entry No. 16, p. 3), the Magistrate Judge concludes that the plaintiff failed to state a claim on which relief may be granted against Metro. (Docket Entry No. 74, p. 8) As the court explained in its corrected

---

[2] The Magistrate Judge writes in a footnote that the earliest the plaintiff could have filed this action was August 11, 2008. (Docket Entry No. 78, p. 9 n. 4) As previously explained, *supra* at p. 2, the plaintiff filed this action on August 7, 2008.

4

memorandum, the plaintiff did not allege that the defendants' actions against him were attributable to any policy statement, ordinance, regulation or decision officially adopted and/or promulgated by the County of Davidson – or any other governmental entity. That explanation extends to Metro.

In addition to the foregoing, the plaintiff does not mention Metro in his proposed amended complaint, nor can any claims be liberally construed against Metro from the proposed amendment. In failing to mention Metro in the motion to amend at issue, the plaintiff fails to satisfy either part of the two-part test required to make a *prima facie* showing under § 1983. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998).

The court also notes that the plaintiff has filed yet another motion to amend – his fourth – that was received by the district court on August 7, 2009. (Docket Entry No. 75) In that motion, the plaintiff now alleges that Metro is liable to him for the alleged actions of Officers Nixon and Atwood. In other words, in the plaintiff's legal theory is that Metro is liable to him under the doctrine of *respondeat superior*.

The law is settled that actions brought against state actors cannot be maintained on a theory of *respondeat superior, see e.g., Monell v. Dept. of Social Serv's of The City of New York, et al.*, 436 U.S. 658, 659, 691-95 (1978); *Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982), unless the defendant was personally involved in the alleged violations of the plaintiff's constitutional rights, *see e.g., Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). For vicarious liability to attach, Metro must have "encouraged . . . directly participated . . .

5

authorized, approved, or knowingly acquiesced . . . ." in the violations alleged. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

The plaintiff does not allege that Metro was directly responsible for the alleged actions of officers Nixon and Atwood. Neither does he allege that Officers Nixon and/or Atwood acted pursuant to any Metro policy or custom that violated his constitutional rights. *See Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 122 (1992); *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997). Accordingly, Metro is not liable to the plaintiff under the doctrine of *respondeat superior*.

### 3. Correct Care Solutions

The Magistrate Judge concludes that the plaintiff's claims against Correct Care fail to state a claim on which relief may be granted, because Correct Care "is not mentioned at all in Plaintiff's statement of his claim." (Docket Entry No. 78, p. 8) Contrary to the R&R, the plaintiff does mention Correct Care in his proposed amended complaint. (Docket Entry No. 43, p. 30) Specifically, the plaintiff alleged that he was "denied medical treatment for his serious medical needs by the jail medical staff Correct Care Solutions." (Docket Entry No. 43, p. 30)

First, absent any supporting facts, the plaintiff's claim against Correct Care is conclusory. Conclusory claims are subject to dismissal. *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971). Moreover, the less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpled facts to support conclusory allegations. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). Second, the plaintiff does not name any Correct Care employee at DCSO as a defendant. To the extent that the plaintiff's claim against Correct Care is a claim against the medical department itself, a medical department in a correctional institution

6

is not a "person" within the meaning of § 1983. *Hix v. Tennessee Dept. of Correction*, 196 Fed.Appx. 350, 355-356 (6th Cir. 2006)(collecting cases). Finally, in his most recent motion to amend (Docket Entry No. 75), the plaintiff asserts that Correct Care is responsible for the alleged actions of its employees. For the reasons explained, *supra*, Correct Care is not liable to the plaintiff under the doctrine of *respondeat superior*.

### 4. Metropolitan General Hospital at Meharry

Although the Magistrate Judge concludes only that the plaintiff's claim against Meharry is barred by the statute of limitations, it also is apparent that the plaintiff's claim against Meharry is subject to dismissal for failure to state a claim on which relief may be granted. More particularly, the plaintiff's only claim against Meharry is that he had to sit on a bed for 30 minutes before being treated. (Docket Entry No. 43, p. 18) Without more, having to wait 30 minutes for treatment scarcely constitutes deliberate indifference. Moreover, in not naming anyone on the staff at Meharry as a defendant, it appears that the plaintiff is suing the hospital itself. A hospital is not a "person" within the meaning of § 1983, nor is it a "body politic or body corporate" as prescribed in *Monell*, 436 U.S. at 689-90 n. 53. Therefore, just as one cannot sue a building, *see Jenkins v. Montgomery County Jail*, 2008 WL 4831297 * 1 (M.D. Tenn. Nov. 2, 2008)(citing *Marbry v. Correctional Medical Services*, 2000 WL 1720959 (6th Cir. Nov. 6, 2000)), the plaintiff cannot sue Meharry.

. . . . .

The plaintiff's motion for an extension of time to respond to the Magistrate Judge's August 20, 2009 R&R (Docket Entry No. 83) is **DENIED**, because, given that his complaint is time-barred, any objections he might raise would be futile. The plaintiff's February 13, 2009 motion to amend (Docket Entry No. 43) is **DENIED**, and the Magistrate Judge's August 20, 2009 R&R (Docket

7

Entry No. 78) is **ACCEPTED**, and **ADOPTED** – as modified herein – as the findings of fact and conclusions of law of the court.

### C.  Plaintiff's Fourth Motion to Amend
### (Docket Entry No. 75)

The plaintiff has filed a fourth motion to amend his complaint.  (Docket Entry No. 75)  The district court received the amendment on August 7, 2009 – nearly one year after the plaintiff filed his initial complaint.  Although the plaintiff refers to his claims against Officers Nixon and Atwood in his motion, in reality he seeks once again to amend his petition to add new claims against new defendants, *i.e.*, DCSO, Metro, Correct Care, and Meharry.  An R&R has not entered with respect to this motion.

The law is well established that "[t]he court should freely give leave [to amend] when justice so requires."  Rule 15(a), Fed. R. Civ. P.; *Rose v. Hartford Underwriters Insurance Co.*, 203 F.3d 417, 420 (6th Cir. 2000).  A motion to amend may be denied, however, if there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or the motion to amend would be futile.  *See Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 519 (6th Cir. 2001), *see Foman v. Davis*, 371 U.S. 178, 182 (1962).  "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."  *Rose*, 203 F.3d at 420 (*citing Thiokol Corp. v. Dept.of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993).  A motion to amend also may be denied if it seeks to allege new, unrelated claims against new defendants.  *See Hetep v. Warren*, 27 Fed.Appx. 308, 309 (6th Cir. 2001); *Dean v. Brandon*, No. 97-6201, 1998 WestLaw 552683 at *1 (6th Cir. (Tenn.))(both cases citing *Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1977)).

To the extent that the plaintiff's motion to amend pertains to Officers Nixon an Atwood, and the claims against them already before the court, were the plaintiff's motion granted, his amended complaint could not withstand a Rule 12(b)(6) challenge.  For the reasons previously explained,

*supra* at pp. 2-3, the claims against Officers Nixon and Atwood are time-barred.

To the extent that the plaintiff's claims against the new defendants are related to the events alleged in the plaintiff's original complaint, those claims are barred not only for statute of limitations reasons, but for failure to state a claim as discussed *supra* at pp. 4-7. Finally, to the extent that the plaintiff seeks to allege new, unrelated claims against new defendants, *i.e.* the alleged continuing violations of his civil rights since he was taken back into custody after he filed his original complaint, such amended claims are impermissible under *Fisher*.

For the reasons explained above, the court finds that amending the complaint would be futile. Accordingly, the plaintiff's motion to amend (Docket Entry No. 75) is **DENIED**.

### D. Plaintiff's Motion for an Extension of Time
### (Docket Entry No. 82)

The plaintiff filed a motion on August 25, 2009, in which he requested an extension of time to file a response to the defendants' March 3, 2009 motion for judgment on the pleadings (Docket Entry No. 46), and objections to the April 27, 2009 R&R (Docket Entry No. 54), in which the Magistrate Judge recommended that the defendants' motion for judgment on the pleadings be granted. (Docket Entry No. 82)

The plaintiff already has filed objections to the Magistrate Judge's April 17, 2009 R&R. (Docket Entry No. 74) The plaintiff maintains in Docket Entry No. 74 that he also "responded undoubtfully [*sic*] to the defendants['] motion for judgment on their pleadings," but "contends that the respon[s]es got looked over, or somehow missed" in Docket Entry Nos. 49 and 51. (Docket Entry No. 74, p. 2)

Docket Entry No. 49, captioned "Notice of Appeal," does not address the defendants' motion for judgment on the pleadings. However, Docket Entry No. 51, a 110-page document captioned

9

"Appeal," does respond to the defendants' motion for judgment on the pleadings. In his objections to the Magistrate Judge's April 27, 2009 R&R (Docket Entry No. 74), the plaintiff makes specific reference to pages 3-8, 46, 59-60, 79, 100, and 101 of Docket Entry No. 51, and to three exhibits attached thereto (denoted as Ex. 6-8), a collective 27-page excerpt from Docket Entry No. 51, all in an effort to convince the court that he previously responded to the defendants' motion for judgment on the pleadings. The plaintiff has convinced the court that Docket Entry No. 51 was intended as his response to the defendants' motion for judgment on the pleadings.

The plaintiff has previously responded to the defendants' motion for judgment on the pleadings (Docket Entry No. 46), and the Magistrate Judge's April 27, 2009 R&R (Docket Entry No. 54). (Docket Entry Nos. 51, 74) Therefore, the plaintiff's motion for an extension of time to respond further (Docket Entry No. 82) is **DENIED**.

### E. Plaintiff's Motion for an Extension of Time
### Docket Entry No. 84

On August 27, 2009, the plaintiff moved for an extension of time to respond to the court's August 25, 2009 order (Docket Entry No. 80) that accepted the Magistrate Judge's January 12, 2009 R&R (Docket Entry No. 24), in which the Magistrate Judge recommended that the plaintiff's December 16, 2008 motion to amend (Docket Entry No. 20) be denied. (Docket Entry No. 84)

The plaintiff sought to amend his original complaint to avoid the *sua sponte* dismissal of his claims against certain defendants, named and unnamed. (Docket Entry No. 20) Referring to the court's corrected memorandum (Docket Entry No. 16), the Magistrate Judge concluded that it was impermissible under the PLRA to permit a plaintiff to amend his complaint to avoid *sua sponte* dismissal (Docket Entry No. 16, p. 2; No. 24, p. 3). The Magistrate Judge's conclusion that the plaintiff was not permitted to amend his complaint to prevent *sua sponte* dismissal of his claims, and

10

the courts prior rulings on that point, were based on the correct interpretation and application of the law. *See McGore*, 114 F.3d at 612.

No argument that the plaintiff might offer would alter the fact that the law was applied correctly in denying his first motion to amend. Therefore, the plaintiff's motion for an extension of time to file a response to the court's August 25, 2009 Oder (Docket Entry No. 84) is **DENIED**.

### F. Plaintiff's Recent Letters Requesting a Copy of Docket Entry No. 74, and a Copy of the Docket Sheet (Docket Entry Nos. 85-86)

The plaintiff has requested a copy of Docket Entry No. 74, and a copy of the docket sheet. Docket Entry No. 74 is the plaintiff's objections to the Magistrate Judge's April 27, 2009 R&R (Docket Entry No. 54). The court liberally construes the plaintiff's request for a copy of Docket Entry No. 74 as a request for a copy free of charge.

Absent a specific showing of need, the statutory right to proceed *in forma pauperis* does not include the right to obtain copies of documents in the record free of charge. *See Douglas v. Green*, 327 F.2d 661, 662 (6th Cir. 1964)(*per curiam*), *cert denied*, 379 U.S. 862 (1964); *Hollum v. Kent*, 262 F.2d 862, 863-64 (6th Cir. 1959). The plaintiff does not explain why he needs the copy, or why he does not have a copy of a document that he filed. The plaintiff's request for a copy of Docket Entry No. 74 is **DENIED**. Should the plaintiff wish to obtain the copy in question, he must pay the copying cost of fifty cents (50¢) per page. 28 U.S.C. § 1914(b); *Judicial Conference Schedule of Fees* ¶ (4), June 2004. The Clerk is **DIRECTED** to sent the plaintiff a copy of the docket sheet with this order when it is mailed.

### II. SUMMARY AND CONCLUSION

For the reasons set forth herein, the motion filed by defendants Nixon and Atwood for

11

judgment on the pleadings (Docket Entry No. 46) is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**. An appeal from the judgment rendered herein would **NOT** be taken in good faith. Therefore, the plaintiff is **NOT** certified to pursue an appeal from this judgment *in forma pauperis.* 28 U.S.C. § 1915(a)(3). Nevertheless, should the plaintiff file a notice of appeal, he either must pay the Clerk of Court the full four hundred fifty-five dollar ($455.00) appellate filing fee, or submit a new application to proceed *in forma pauperis* with a certified copy of his inmate trust account statement for the six (6) month period preceding the filing of his notice of appeal. 28 U.S.C. §§ 1915(a)(1)-(2).

Entry of this order shall constitute the final judgment in this action.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge

12